DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
ALEXANDER R. SAFYAN (Bar No. 277856)
  asafyan@pswlaw.com
MATTHEW A. PEARSON (Bar No. 291484)
  mapearson@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

Attorneys for Plaintiff Brandon Kaufer, on
behalf of himself and all others similarly
situated

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BRANDON KAUFER,

      Plaintiff,

  vs.

KIND, LLC,

      Defendant.

CASE NO. 2:15-cv-2878

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

863150.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Plaintiff BRANDON KAUFER ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendant KIND, LLC ("KIND" or "Defendant"), and alleges the following:

## INTRODUCTION

1.      Defendant is a global manufacturer of snack products, including fruit & nut bars and granola bars.  Defendant markets these products under the KIND snack brand throughout the United States and specifically targets health conscious consumers.  In fact, KIND's website states prominently on its "About KIND" page: "There's healthy.  There's tasty.  Then there's healthy and tasty.  At KIND, we believe you deserve both—we call it our brAND philosophy."[1]

2.      Until recently, Defendant was actually called "KIND Healthy Snacks." Multiple references to the company in articles and on the Internet are to KIND Healthy Snacks[2] and the company's logo—recently removed from its website—contained the name KIND Healthy Snacks.



3.      Using its "brAND" philosophy to market its purportedly healthy snack products, Defendant sold 458 million units in the United States in 2014.[3]

---

[1] http://www.kindsnacks.com/about/.

[2] *See, e.g., Kind Healthy Snacks founder describes his long slog to success*, http://www.latimes.com/business/la-fi-books-20150322-story.html, March 22, 2015.

[3] Bloomberg Business, *Kind Bars Aren't Healthy Enough for 'Healthy' Tag, FDA Says*, (footnote continued)

4.      At issue in this case are four of Defendant's snack bars:  KIND Fruit & Nut Almond & Apricot; KIND Fruit & Nut Almond & Coconut; KIND Plus Peanut Butter Dark Chocolate + Protein; and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants (hereinafter collectively referred to as the "KIND Snack Bars").

5.      Defendant markets the KIND Snack Bars as, among other things, "healthy," "healthy and tasty, convenient and wholesome," "plus," "good source of fiber," and "no trans fats."  Defendant makes these and other claims on the labels of the KIND Snack Bars and on its website touting the healthiness of the bars to consumers.

6.      Despite Defendant's claims that the KIND Snack Bars are "healthy" or contain healthy nutrients or ingredients, the KIND Snack Bars do not meet the requirements established by the U.S. Food and Drug Administration ("FDA") to make such claims.   In reality, the KIND Snack Bars contain elevated levels of saturated fat, not enough nutrients to bear the terms "+," "plus," or other health-related terms, and other ingredients or elements that indicate the KIND Snack Bars are not truly "healthy."

7.      On March 17, 2015, KIND received a warning letter from the FDA regarding the KIND Snack Bars.  In this letter, the FDA informed KIND that the KIND Snack Bars "are in violation of section 403 of the Federal Food, Drug, and Cosmetic Act (the Act) [21 U.S.C. § 343] and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101)."  A true and correct copy of the FDA's letter dated March 17, 2015 is attached hereto as Exhibit "A" (hereinafter the "FDA Letter").

8.      Section 403 of the Federal Food, Drug, and Cosmetic Act ("FDCA") enumerates various ways that "[a] food shall be deemed to be misbranded."   21

---

http://www.bloomberg.com/news/articles/2015-04-14/kind-bars-aren-t-healthy-enough-for-healthy-label-fda-says.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   U.S.C. § 343.  As shown below, the KIND Snack Bars are in violation of several of
2   these enumerated provisions.  Accordingly, the KIND Snack Bars are misbranded
3   within the meaning of the FDCA and are being falsely and deceptively marketed to
4   consumers.

5       9.      As a result of Defendant's false and misleading labeling, packaging,
6   and marketing of the KIND Snack Bars, Plaintiff and members of the proposed
7   Class (defined below) have suffered injury in fact, including economic damages,
8   and have lost money or property.  Specifically, Plaintiff and members of the Class
9   have purchased the KIND Snack Bars under the mistaken belief that these products
10  were "healthier" and/or had additional benefits compared to other snack products.
11  But for Defendant's false and misleading advertising and marketing of the KIND
12  Snack Bars, Plaintiff and members of the Class would not have purchased or paid as
13  much for the KIND Snack Bars.

14      10.     Plaintiff brings claims on behalf of himself and the proposed Class for
15  violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*
16  ("CLRA"), the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*
17  ("FAL"), and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*
18  ("UCL").  Plaintiff seeks to permanently enjoin Defendant from using the claims
19  "healthy," "+" or "plus," "good source of fiber," and "no trans fats" on the labels of
20  the KIND Snack Bars and from marketing and selling the KIND Snack Bars in the
21  United States as currently advertised, packaged, and labeled.  Further, Plaintiff seeks
22  to obtain restitution and other appropriate relief in the amount by which Defendant
23  was unjustly enriched as a result of its sales of the KIND Snack Bars.  Finally,
24  Plaintiff seeks reasonable attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5
25  as this lawsuit seeks the enforcement of an important right affecting the public
26  interest and satisfies the statutory requirements for an award of attorneys' fees.

27  / / /

28  / / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**THE PARTIES**

11.     Plaintiff BRANDON KAUFER is a citizen and resident of Los Angeles County, California.   Throughout the Class Period (defined below), Mr. Kaufer purchased one or more KIND Snack Bars from various retail stores.   Mr. Kaufer relied on Defendant's deceptive labeling, packaging, and marketing in his decisions to purchase the KIND Snack Bars.   Were it not for Defendant's deceptive labeling, packaging, and marketing, Mr. Kaufer would not have purchased or paid as much for the KIND Snack Bars.

12.     Defendant KIND, LLC is a Delaware Limited Liability Company with its principal place of business located in New York, New York.   KIND is an international manufacturer, distributor, and seller of various snack products, including fruit & nut bars and granola bars.

**JURISDICTION AND VENUE**

13.      This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).   The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a Class action in which the Defendant is not a citizen of the forum state.

14.     This Court has personal jurisdiction over Defendant because Defendant has systematically and continuously conducted business in and throughout the State of California, and intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its products.   Moreover, Defendant's wrongful conduct, as described herein, foreseeably affects consumers in California.

15.     Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

16.     A venue affidavit pursuant to California Civil Code § 1780(d) is attached hereto as Exhibit "B."

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

# FACTUAL ALLEGATIONS

## A.  KIND's "Healthy" Branding and Marketing of its Products

17.  KIND was established in 2004 as a natural foods company with eight bar varieties.  Today, KIND boasts over twenty-two bars and six "Healthy Grains snackable clusters."[4]  Its snack products can be found in 150,000 retail stores in the United States.

18.  KIND currently offers six product lines, all consistent with its "healthy" brand image:  Fruit & Nut; Plus; Nuts & Spices; STRONG & KIND; Healthy Grains Bars; and Healthy Grains Clusters.[5]  KIND claims that its products "are made from all-natural whole nuts, fruits and whole grains," and that consumers will "find all of our snacks are pretty much the nirvana of healthful tastiness."[6]

19.  It is clear that KIND prides itself on being a "healthy" snack brand.  Its entire company image, marketing, and branding revolves around providing consumers with healthy and tasty snacks.

20.  Unfortunately, KIND's snack products are not as healthy as KIND represents them to be.  As shown herein, the KIND Snack Bars do not meet the necessary requirements to be labeled "healthy," "plus," "good source of fiber," "no trans fats," or other claims Defendant makes with respect to the KIND Snack Bars.

## B.  KIND's Violations of Food Labeling Regulations

### 1.  "Healthy"

21.  The FDCA and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101, govern food labeling, including the labeling of the KIND Snack Bars, which are a food.

---

[4] http://www.kindsnacks.com/about/.

[5] http://www.kindsnacks.com/store/.

[6] http://www.kindsnacks.com/about/.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

22.    Below is an example of the label on the KIND Snack Bars bearing the term "healthy":



23.    Defendant labels and markets the KIND Snack Bars using the term "healthy."  However, none of the KIND Snack Bars meet the requirements set forth in 21 C.F.R. § 101.65(d)(2) to be labeled as "healthy."

24.    21 C.F.R. § 101.65(d)(2) requires that in order for a food to be labeled as "healthy" it must, among other things, be low in saturated fat.

25.    A food is defined as being low in saturated fat if "[t]he food contains 1 g [gram] or less of saturated fatty acids per reference amount customarily consumed and not more than 15 percent of calories from saturated fatty acids."  21 C.F.R. § 101.62(c)(2).

26.    The KIND Fruit & Nut Almond & Apricot bar contains 3.5 grams of saturated fat per 40 grams of the food.  The KIND Fruit & Nut Almond & Coconut bar contains 5 grams of saturated fat per 40 grams of the food.  The KIND Plus Peanut Butter Dark Chocolate + Protein bar contains 3.5 grams of saturated fat per 40 grams of the food.   And the KIND Plus Dark Chocolate Cherry Cashew + Antioxidants bar contains 2.5 grams of saturated fat per 40 grams of the food.  Each of these bars contains more than 1 gram of saturated fat per 40 grams reference amount customarily consumed ("RACC"), meaning they cannot be defined as low in saturated fat, and in turn, cannot be labeled as "healthy."

27.    Because Defendant labels the KIND Snack Bars as "healthy" despite the fact that they do not meet the requirements to bear such a claim, the KIND

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  Snack Bars are misbranded within the meaning of 21 U.S.C. § 343(r)(1)(A).  *See*

2  *also* FDA Letter, § 1.a.

### 2.   "+" and "Plus"

4      28.   Below are images depicting Defendant's KIND Plus Peanut Butter

5  Dark Chocolate + Protein bar and KIND Plus Dark Chocolate Cherry Cashew +

6  Antioxidants bar:

 

13     29.   Defendant labels its KIND Plus Peanut Butter Dark Chocolate +

14  Protein and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants snack bars

15  with the term "+" and/or "plus."  However, neither of these products meet the

16  requirements set forth in 21 C.F.R. § 101.54(e), which regulates the term "plus."

17     30.   21 C.F.R. § 101.54(e) states, in part, that the term "plus" "may be used

18  on the label or in labeling of foods to describe the level of protein, vitamins,

19  minerals, dietary fiber, or potassium . . . provided that: (i) [t]he food contains at least

20  10 percent more of the RDI [Reference Daily Intake] for vitamins or minerals or of

21  the DRV [Daily Reference Value] for protein, dietary fiber, or potassium (expressed

22  as a percent of the Daily Value) per reference amount customarily consumed than an

23  appropriate reference food; and (ii) [w]here the claim is based on a nutrient that has

24  been added to the food, that fortification is in accordance with the policy on

25  fortification of foods in [21 C.F.R. §] 104.20; and (iii) [the claim bears the required

26  information for relative claims as described in 21 C.F.R. § 101.13(j)(2) and

27  101.54(e)(1)(iii)]."

28     31.   Defendant's KIND Plus Peanut Butter Dark Chocolate + Protein bar

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

does not contain a reference to, or a percentage of, how much more protein the product contains in comparison to the RDI or DRV of protein in immediate proximity to the term "plus." Further, Defendant's KIND Plus Dark Chocolate Cherry Cashew + Antioxidants bar does not contain a reference to, or a percentage of, the amount of antioxidants in the product that exceeds the RDI or DRV of the antioxidant ingredient in the product in immediate proximity to the term "plus."

32. Because Defendant labels its KIND Plus Peanut Butter Dark Chocolate + Protein and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants bars with the term "+" and/or "plus" despite the fact that they do not meet the requirements to bear such a claim, the KIND Snack Bars are misbranded within the meaning of 21 U.S.C. § 343(r)(1)(A). *See also* FDA Letter, § 1.b.

### 3. <u>"No Trans Fats"</u>

33. Defendant labels the KIND Snack Bars with the phrase "no trans fats." However, none of the KIND Snack Bars meet the requirements set forth in 21 C.F.R. § 101.9(c)(2)(iii) and (iv) to be labeled as containing "no trans fats."

34. 21 C.F.R. § 101.9(c)(2)(iii) and (iv) require that in order for a food to be labeled as containing "no trans fats," a manufacturer must include the amount of polyunsaturated and monounsaturated fatty acids, respectively, on the food label.

35. Defendant fails to include the levels of polyunsaturated and monounsaturated fatty acids on the labeling of the KIND Snack Bars as required by federal regulations. Accordingly, Defendant cannot make a claim about fatty acids on the labeling of the KIND Snack Bars, including using the phrase "no trans fats."

36. Because Defendant labels the KIND Snack Bars as having "no trans fats" despite the fact that they do not meet the requirements to bear such a claim, the KIND Snack Bars are misbranded within the meaning of 21 U.S.C. § 343(q)(2)(A). *See also* FDA Letter, § 3.a.

### 4. <u>"Good Source of Fiber"</u>

37. Defendant labels the KIND Snack Bars with the phrase "good source of

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  fiber."  However, none of the KIND Snack Bars meet the requirements set forth in

2  21 C.F.R. § 101.54(d) to be labeled as being a "good source of fiber."

3      38.    21 C.F.R. § 101.54(d) requires that if a food is labeled as being a "good

4  source of fiber," and the food is not "low" in total fat, then the label must disclose

5  the level of total fat per serving in immediate proximity to the claim that the food is

6  a "good source of fiber."

7      39.    21 C.F.R. § 101.62(b)(2) defines a food as being "low" in fat if it has a

8  RACC greater than 30 g or greater than 2 tablespoons and contains 3 g or less of fat

9  per RACC, or has a RACC of 30 g or less or 2 tablespoons or less and contains 3 g

10  or less of fat per RACC and per 50 g of food.

11      40.    The KIND Fruit & Nut Almond & Apricot bar contains 10 g of total fat

12  per 40 g of the food.  The KIND Fruit & Nut Almond & Coconut bar contains 12 g

13  of the food.  The KIND Plus Peanut Butter Dark Chocolate +

14  Protein bar contains 13 g of total fat per 40 g of the food.  And the KIND Fruit &

15  Nut Dark Chocolate Cherry Cashew + Antioxidants bar contains 9 g of total fat per

16  40 g of the food.  Each of these bars contains more than 3 g of total fat per 40 g

17  RACC, meaning they are not "low" in total fat.  Thus, they cannot be labeled as

18  being a "good source of fiber" unless Defendant also discloses the level of total fat

19  per serving in immediate proximity to that claim.

20      41.    Because Defendant labels the KIND Snack Bars as a "good source of

21  fiber" despite the fact that they do not meet the requirements to bear such a claim,

22  the KIND Snack Bars are misbranded within the meaning of 21 U.S.C. §

23  343(r)(2)(A)(V).  *See also* FDA Letter, § 2.

24      42.    In addition to the above reasons why the KIND Snack Bars are

25  misbranded, they are also misbranded within the meaning of 21 U.S.C. § 343(a)

26  because their labeling is false or misleading.  Reasonable consumers, including

27  Plaintiff and Class members, expect that the KIND Snack Bars are properly labeled

28  as "healthy," "+" or "plus," "no trans fats," and "good source of fiber."  Because the

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

KIND Snack Bars bear these claims but do not meet the requirements to do so, their labeling is false or misleading within the meaning of the FDCA.

### C.    California's Sherman Food, Drug, and Cosmetic Law

43.    California's Sherman Food, Drug, and Cosmetic Law, California Health and Safety Code, Division 104, Part 5 ("Sherman Law") incorporates many of the FDA's regulations into California state law governing the labeling and branding of food products.

44.    Section 110100(a) of the Sherman Law states:  All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act [FDCA], in effect on January 1, 1993, or adopted on or after that date ***shall be the food regulations of this state***."  Cal. Health & Safety Code § 110100(a) (emphasis added).

45.    Article 6 of the Sherman Law, Cal. Health & Safety Code §§ 110660, *et seq.*, concerns the misbranding of food.  Section 110660 states that "[a]ny food is misbranded if its labeling is false or misleading in any particular."  Section 110665 states that "[a]ny food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in Section 403(q) (21 U.S.C. Sec. 343(q)) of the federal act and the regulations adopted pursuant thereto."  Section 110670 states that "[a]ny food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto."

46.    Thus, the FDCA provisions and implementing regulations discussed herein are incorporated into the Sherman Law by reference.

47.    Section 110385 of the Sherman Law makes it "unlawful for any person to distribute in commerce any food, drug, device, or cosmetic, if its packaging or labeling does not conform to the provisions of this article or to regulations adopted pursuant to this article."

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

48.     Section 110760 of the Sherman Law makes it "unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded." Section 110765 makes it "unlawful for any person to misbrand any food."

49.     As a result of Defendant's conduct detailed herein, Defendant has violated the aforementioned provisions of the Sherman Law.

## RULE 9(b) ALLEGATIONS

50.     Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

51.     WHO:  Defendant KIND, LLC made material misrepresentations and omissions of fact in the labeling, packaging, and marketing of the KIND Snack Bars.

52.     WHAT:  Defendant made material misrepresentations and omissions of fact by using the terms "healthy," "+" or "plus," "good source of fiber," and/or "no trans fats" in the labeling, packaging, and marketing of the KIND Snack Bars. Defendant made these claims with respect to the KIND Snack Bars even though the KIND Snack Bars did not meet the requirements to make such claims.  Defendant's misrepresentations and omissions were material because a reasonable consumer would not have purchased or paid as much for the KIND Snack Bars if he knew that they contained false representations.

53.     WHEN: Defendant made the material misrepresentations and omissions detailed herein continuously throughout the Class Period.

54.     WHERE:  Defendant's material misrepresentations and omissions were made, *inter alia*, on the labeling and packaging of the KIND Snack Bars, on Defendant's website (www.kindsnacks.com), and through Defendant's various other advertisements.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

55.   HOW: Defendant made written misrepresentations and failed to disclose material facts on the labeling and packaging of the KIND Snack Bars and on its website and other advertising.

56.   WHY: Defendant engaged in the material misrepresentations and omissions detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a premium for Defendant's KIND Snack Bars based on the belief that they were "healthy," "+" or "plus," a "good source of fiber," and/or contained "no trans fats."  Defendant profited by selling the KIND Snack Bars to millions of unsuspecting consumers nationwide.

## CLASS ACTION ALLEGATIONS

57.   Plaintiff brings this action individually and on behalf of the following Class pursuant to Rule 23(a) and 23(b)(2) and (3):

> All individuals residing in the United States who purchased one or more of the following snack bars: KIND Fruit & Nut Almond & Apricot; KIND Fruit & Nut Almond & Coconut; KIND Plus Peanut Butter Dark Chocolate + Protein; and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants; for personal use and not for resale any time between April 17, 2011 and the present ("Class Period").

58.   Plaintiff reserves the right to redefine the Class prior to certification.

59.   Excluded from the Class is Defendant, any of its parent companies, subsidiaries, and/or affiliates, its officers, directors, legal representatives, and employees, any co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

60.   This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.  This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions.

61.   The Class is so numerous that the individual joinder of all of its members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is in the thousands and that

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   members of the Class are geographically dispersed across the United States. While
2   the exact number and identities of the Class members are unknown at this time, such
3   information can be ascertained through appropriate investigation and discovery.

4       62.    Common questions of law and fact exist as to all members of the Class,
5   and these common questions predominate over any questions affecting only
6   individual members of the Class. These common legal and factual questions, which
7   do not vary from Class member to Class member, and which may be determined
8   without reference to the individual circumstances of any Class member include, but
9   are not limited to, the following:

10       a.    Whether Defendant violated provisions of the FDCA and federal
11   regulations through the labeling, packaging, and marketing of the KIND Snack
12   Bars;

13       b.    Whether the KIND Snack Bars are misbranded within the
14   meaning of the FDCA and/or the Sherman Law;

15       c.    Whether Defendant's labeling, packaging, and marketing of the
16   KIND Snack Bars was false and misleading;

17       d.    Whether Defendant's conduct constitutes negligent
18   misrepresentation;

19       e.    Whether Defendant's conduct constitutes a violation of the
20   Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq*.);

21       f.    Whether Defendant's conduct constitutes a violation of
22   California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, *et seq*.);

23       g.    Whether Defendant's conduct constitutes an unfair, unlawful,
24   and/or fraudulent business practice in violation of California's unfair competition
25   law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.);

26       h.    Whether Plaintiff and the Class are entitled to compensatory
27   damages, and if so, the nature of such damages;

28       i.    Whether Plaintiff and the Class are entitled to restitutionary

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

relief; and

j.      Whether Plaintiff and the Class are entitled to injunctive relief.

63.      Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations concerning the KIND Snack Bars and purchased one or more KIND Snack Bars based on those representations.

64.      Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.   Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

65.      A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the Class is impracticable.  Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.   Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

66.      This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1) because individual actions by Class members would create: (1) inconsistent or varying adjudications that would establish incompatible standards of

1  conduct for Defendant; and/or (2) adjudications that, as a practical matter, would be
2  dispositive of the interests of other class members not parties to the adjudications,
3  and would substantially impair or impede the ability of such non-party class
4  members to protect their interests.

5       67.    This action is maintainable as a class action under Federal Rule of Civil
6  Procedure 23(b)(2) because Defendant has acted or refused to act on grounds
7  generally applicable to the Class, thereby making appropriate final injunctive relief
8  respecting the class as a whole.

9       68.    This action is maintainable as a class action under Federal Rule of Civil
10 Procedure 23(b)(3) because the common questions of law and fact identified above,
11 without limitation, predominate over any questions affecting only individual
12 members, and a class action is superior to other available methods for the fair and
13 efficient adjudication of this controversy.

14 **FIRST CAUSE OF ACTION**

15 **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

16 **(CAL. CIV. CODE §§ 1750, *ET SEQ.*)**

17 **(Plaintiff and the Class Against Defendant)**

18      69.    Plaintiff repeats the allegations contained in the foregoing paragraphs
19 as if fully set forth herein.

20      70.    Plaintiff and each proposed Class member is a "consumer," as that term
21 is defined in Cal. Civ. Code § 1761(d).

22      71.    The KIND Snack Bars are "goods," as that term is defined in Cal. Civ.
23 Code § 1761(a).

24      72.    Defendant is a "person," as that term is defined in Cal. Civ. Code §
25 1761(c).

26      73.    Plaintiff's and each proposed Class Member's purchase of the KIND
27 Snack Bars constituted a "transaction," as that term is defined in Cal. Civ. Code §
28 1761(e).

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

74. Defendant has engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, *et seq.* (the CLRA) by using the following terms on the labeling and packaging of the KIND Snack Bars:

a. The term "healthy" on the KIND Fruit & Nut Almond & Apricot bar, KIND Fruit & Nut Almond & Coconut bar, KIND Plus Peanut Butter Dark Chocolate + Protein bar, and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants bar;

b. The term "plus" or "+" on the KIND Plus Peanut Butter Dark Chocolate + Protein bar and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants bar;

c. The phrase "good source of fiber" on the KIND Fruit & Nut Almond & Apricot bar, KIND Fruit & Nut Almond & Coconut bar, KIND Plus Peanut Butter Dark Chocolate + Protein bar, and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants bar; and

d. The phrase "no trans fats" on the KIND Fruit & Nut Almond & Apricot bar, KIND Fruit & Nut Almond & Coconut bar, KIND Plus Peanut Butter Dark Chocolate + Protein bar, and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants bar.

75. Defendant has also engaged in and continues to engage in business practices in violation of the CLRA by failing to disclose certain information on the labeling and packaging of the KIND Snack Bars that it is required to disclose. Specifically, Defendant has failed to disclose:

a. The levels of monounsaturated fatty acids and polyunsaturated fatty acids in the nutrition information of the KIND Fruit & Nut Almond & Apricot bar, KIND Fruit & Nut Almond & Coconut bar, KIND Plus Peanut Butter Dark Chocolate + Protein bar, and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants bar; and

b. The percent DV for protein on the label of the KIND Plus Peanut

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Butter Dark Chocolate + Protein bar.

76.     Defendant has engaged in unfair or deceptive acts or practices intended to result in the sale of the KIND Snack Bars in violation of California Civil Code § 1770.  Defendant knew and/or should have known that its misrepresentations and/or omissions of material fact regarding the characteristics, composition, and quality of the KIND Snack Bars were likely to mislead the public.

77.     Defendant's conduct alleged herein violates the CLRA, including but not limited to, the following provisions: (1) using deceptive representations in connection with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9).   As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.   Therefore, Defendant has been unjustly enriched.

78.     There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm.

79.     Pursuant to California Civil Code §§ 1780(a) and (e), Plaintiff and members of the Class seek: (1) an order enjoining Defendant's unlawful business practices as alleged herein; (2) restitution; (3) ancillary relief; and (4) attorneys' fees and costs to the full extent allowed by law.

80.     On April 15, 2015, counsel for Plaintiff and the Class provided Defendant with written notice (via Certified Mail, Return Receipt Requested) that its conduct is in violation of the CLRA.   Thus, pursuant to California Civil Code § 1782, Plaintiff intends to amend this complaint to bring a claim for actual damages after the passing of the statutory notice period.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## SECOND CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### (Plaintiff and the Class Against Defendant)

81.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

82.     During the Class Period, Defendant represented to consumers through the labeling, packaging, and marketing of the KIND Snack Bars that the KIND Snack Bars were, among other things, "healthy," "plus," "good source of fiber," and "no trans fats."   Defendant made these representations knowing that such claims would be material to a reasonable consumer's purchasing decision.

83.     Defendant's representations that the KIND Snack Bars were "healthy," "plus," "good source of fiber," and "no trans fats" were false because the KIND Snack Bars did not meet the requirements to bear such claims.

84.     Defendant's misrepresentations regarding the health, characteristics, composition, and quality of the KIND Snack Bars were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume the KIND Snack Bars.

85.     Defendant's material misrepresentations concerning the health, characteristics, composition, and quality of the KIND Snack Bars were false and made without reasonable grounds for believing them to be true.

86.     Defendant made material misrepresentations concerning the health, characteristics, composition, and quality of the KIND Snack Bars with the intent to induce Plaintiff and the Class to purchase and consume the KIND Snack Bars.

87.     Plaintiff and the Class reasonably and materially relied on Defendant's material misrepresentations in choosing to purchase and consume the KIND Snack Bars.

88.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have incurred damages in an amount to be proven at trial.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

## (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

### (Plaintiff and the Class Against Defendant)

89.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

90.     Defendant's actions as described herein constitute unfair competition within the meaning of the FAL insofar as it has disseminated untrue and/or misleading representations in connection with the sale of the KIND Snack Bars.

91.     Defendant has engaged in and continues to engage in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by making untrue and/or misleading representations concerning the health, characteristics, composition, and quality of the KIND Snack Bars without having any reasonable basis for doing so. Plaintiff is informed and believes and thereon alleges that Defendant has intentionally falsely labeled and advertised the KIND Snack Bars as "healthy" and other health-related terms detailed herein, such as "plus" or "+," "Good Source of Fiber," and "no trans fats."  Reasonable consumers purchased the KIND Snack Bars upon the belief that they were "healthy" and featured the other health-related characteristics and qualities detailed herein.

92.     As a direct and proximate result of Defendant's violation of the FAL, Plaintiff and the Class have suffered injury in fact and have suffered economic harm by losing money as a result of purchasing the KIND Snack Bars.

93.     Defendant's wrongful business practices constitute a continuing course of conduct of false advertising since Defendant is continuously marketing and selling the KIND Snack Bars in a manner likely to deceive the public.  Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful and unfair business practices and any other act prohibited by law, including those set forth in this Complaint.

94.     As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits.  Therefore, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of the FAL.

## FOURTH CAUSE OF ACTION
## UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES
## (CAL. BUS. & PROF. §§ 17200 *ET SEQ.*)
### (Plaintiff and the Class Against Defendant)

95.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

96.     Defendant's actions as described herein constitute unfair competition within the meaning of California's UCL, insofar as the UCL prohibits "any unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising."

97.     Defendant's misrepresentations and omissions of material fact as alleged herein constitute unlawful, unfair, and fraudulent business practices in that they deceived Plaintiff and the Class into believing that the KIND Snack Bars were "healthy" and featured the other health-related characteristics and qualities detailed in this Complaint.

98.     Defendant's conduct constitutes an "unlawful" business practice within the meaning of the UCL because it violates the CLRA and FAL, as well as the California Sherman Law.

99.     Defendant's conduct constitutes an "unfair" business practice within the meaning of the UCL because it is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.  Reasonable consumers purchased the KIND Snack Bars believing they contained the health, characteristics, composition, and quality represented on their label and packaging.  They were not aware and could not have reasonably been aware that the KIND Snack Bars were falsely

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

labeled as "healthy," "plus" or "+," "Good Source of Fiber," and/or "no trans fats." Defendant's conduct in falsely labeling and packaging the KIND Snack Bars and selling them as such has no utility or countervailing benefit and consumers could not have reasonably avoided their injury.

100.   Defendant's conduct constitutes a "fraudulent" business practice within the meaning of the UCL insofar as Defendant's misrepresentations and omissions regarding the health, characteristics, composition, and quality of the KIND Snack Bars were and are likely to deceive members of the public.

101.   As a direct and proximate result of Defendant's wrongful business practices in violation of the UCL, Plaintiff and Class members have suffered injury in fact and lost money or property as a result of purchasing the KIND Snack Bars. Plaintiff and Class members would not have purchased or paid as much for the KIND Snack Bars had they known the truth about their "healthy" and other nutrient content claims.

102.   Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition since Defendant is labeling, marketing, and selling the KIND Snack Bars in a manner likely to deceive the public.

103.   Pursuant to California Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, and fraudulent business practices and any other act prohibited by law, including those set forth in this Complaint. Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys it wrongfully obtained from Plaintiffs and the Class.

/ / /

/ / /

/ / /

/ / /

/ / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

863150.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class pray for relief and judgment against Defendant, as follows:

1.      For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class and notice to the Class to be paid by Defendant;

2.      For damages suffered by Plaintiff and the Class;

3.      For restitution to Plaintiff and the Class of all monies wrongfully obtained by Defendant;

4.      For injunctive relief requiring Defendant to cease and desist from engaging in the unlawful, unfair, and/or deceptive practices alleged in the Complaint;

5.      For Plaintiff's reasonable attorneys' fees, as permitted by law;

6.      For Plaintiff's costs incurred;

7.      For pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded; and

8.      For such other and further relief that this Court deems just and proper.


DATED: April 17, 2015          **PEARSON, SIMON & WARSHAW, LLP**
                               DANIEL L. WARSHAW
                               ALEXANDER R. SAFYAN
                               MATTHEW A. PEARSON


                               By:  _____*/s/ Daniel L. Warshaw*_____
                                       DANIEL L. WARSHAW
                               Attorneys for Plaintiff Brandon Kaufer, on
                               behalf of himself and all others similarly
                               situated

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury of all claims and causes of action so

3  triable in this lawsuit.

4

5  DATED: April 17, 2015            **PEARSON, SIMON & WARSHAW, LLP**

6                                  DANIEL L. WARSHAW
                                   ALEXANDER R. SAFYAN
7                                  MATTHEW A. PEARSON

8

9                             By:  _____/s/ Daniel L. Warshaw_____

10                                      DANIEL L. WARSHAW
                                   Attorneys for Plaintiff Brandon Kaufer, on
11                                 behalf of himself and all others similarly
                                   situated
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

# EXHIBIT A

**U.S. Food and Drug Administration**
Protecting and Promoting *Your* Health

# KIND, LLC 3/17/15

 **Department of Health and Human Services**

Public Health Service
Food and Drug Administration
College Park, MD 20740

**WARNING LETTER**

**MAR 17, 2015**

**VIA OVERNIGHT DELIVERY**

Daniel Lubetsky, CEO
Kind, LLC
55 West 21st Street
New York, New York 10010-6809

Re: 437043

Dear Mr. Lubetsky,

The Food and Drug Administration (FDA) reviewed the labels for your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants products in August, 2014. The labels for these products direct the consumer to your website at the Internet address www.kindsnacks.com. We examined your website in October 2014. Based on our review, we have concluded that these products are in violation of section 403 of the Federal Food, Drug, and Cosmetic Act (the Act) [21 U.S.C. § 343] and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101). You can find the Act and FDA regulations through

links on FDA's home page at **http://www.fda.gov (http://www.fda.gov/)**.

The significant violations are as follows:

1.   Your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants products are misbranded within the meaning of section 403(r)(1)(A) of the Act [21 U.S.C. § 343(r)(1)(A)] because the product labels bear nutrient content claims, but the products do not meet the requirements to make such claims.

Under section 403(r)(1)(A) of the Act, a claim that characterizes the level of a nutrient which is of the type required to be in the labeling of the food must be made in accordance with a regulation authorizing the use of such a claim. Characterizing the level of a nutrient on the food labeling of a product without complying with the specific requirements pertaining to nutrient content claims for that nutrient misbrands the product under section 403(r)(1)(A) of the Act. Specifically:

a.   The labels of your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants products bear an implied nutrient content claim, because they bear statements suggesting that the product may be useful in maintaining healthy dietary practices, and those statements are made in connection with claims or statements about nutrients. Specifically, the labels of the aforementioned products bear the claim "Healthy and tasty, convenient and wholesome" in connection with statements such as:

- "good source of fiber,"

- "no trans fats,"

- "very low sodium" [Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants],

- "low sodium" [Kind Plus Peanut Butter Dark Chocolate + Protein],

- "+ antioxidants" [Kind Plus Dark Chocolate Cherry Cashew + Antioxidants],

- "50% DV antioxidants vitamins A, C and E" [Kind Plus Dark Chocolate Cherry Cashew + Antioxidants],

- "+ protein" [Kind Plus Peanut Butter Dark Chocolate + Protein], and

- "7g protein" [Kind Plus Peanut Butter Dark Chocolate + Protein].

Additionally, your website at http://www.kindsnacks.com/about/ states, "There's healthy. There's tasty. Then there's healthy and tasty" and "all of our snacks are pretty much the nirvana of healthful tastiness." In addition, your webpage for the Kind Peanut Butter Dark Chocolate + Protein product at www.kindsnacks.com/products/kind-store/buy-kind-bars/kind-plus/peanut-butter-darkchocolate-protein.html states "KIND Peanut Butter Dark Chocolate + Protein is a healthy and satisfying blend of peanuts and antioxidant-rich dark chocolate. Each bar contains 7 grams of protein, which promotes satiety and strengthens bones, muscles and skin."

However, none of your products listed above meet the requirements for use of the nutrient content claim "healthy" that are set forth in 21 CFR 101.65(d)(2).

In accordance with 21 CFR 101.65(d)(2), you may use the term "healthy" as an implied nutrient content claim on the label or in the labeling of a food provided that the food, among other things, is "low saturated fat" as defined in 21 CFR 101.62(c)(2) [i.e., the food has a saturated fat content of 1 g or less per Reference Amount Customarily Consumed (RACC) and no more than 15 percent of the calories are from saturated fat].

According to the Nutrition Facts panels:

- The Kind Fruit & Nut Almond & Apricot product contains 3.5 g of saturated fat per 40 g of the food,

- The Kind Fruit & Nut Almond & Coconut product contains 5 g of saturated fat per 40 g of the food,

- The Kind Plus Peanut Butter Dark Chocolate + Protein product contains 3.5 g of saturated fat per 40 g of the food, and

- The Kind Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants contains 2.5 g of saturated fat per 40 g of the food.

These amounts exceed 1 g of saturated fat per 40 g RACC. These amounts also exceed the maximum of 15% of calories from saturated fat in the "low saturated fat" definition. Accordingly, your products do not meet the requirements for use of the nutrient content claim "healthy" on a food label [21 CFR 101.65(d)(2)]. Your products are thus misbranded within the meaning of section 403(r)(1)(A) of the Act.

b.    Your Kind Peanut Butter Dark Chocolate + Protein and Kind Dark Chocolate Cherry Cashew + Antioxidants product labels bear the term "+" (plus) as part of the product name but the products do not comply with the requirements governing the use of this term. The term "+" as part of the

names of your Kind Peanut Butter Dark Chocolate + Protein and Kind Dark Chocolate Cherry Cashew + Antioxidants read in conjunction with "7 g Protein" and "50% DV Antioxidant, vitamins A, C and E," respectively, meets the definition for a nutrient content claim because it characterizes the product's level of vitamins and minerals, which are nutrients of the type required to be in nutrition labeling [21 CFR 101.13(b)].

The term "plus" is defined in 21 CFR 101.54(e). This term may be used on the label or in labeling of foods to describe the level of nutrients (such as vitamins and minerals) in the food, provided that:

> (1)   the food contains at least 10 percent more of the Reference Daily Intake (RDI) or Daily Reference Value (DRV) for the nutrient per RACC consumed than an appropriate reference food,
> (2)   where the claim is based on nutrients that are added to the food, that the fortification is in accordance with the policy on fortification of foods in 21 CFR 104.20, and
> (3)   the claim bears the required information for relative claims as described in 21 CFR 101.13(j)(2) and 101.54(e)(1)(iii).

However, neither product label states the identity of the reference food and the percentage (or fraction) that the nutrient is greater relative to the RDI or DRV declared in immediate proximity to the most prominent such claim. Accordingly, these products are misbranded within the meaning of section 403(r)(1)(A) of the Act because they bear the nutrient content claim "plus" but do not comply with the regulations governing the use of this claim.

c.   The product page for your KIND Peanut Butter Dark Chocolate + Protein product on your website at www.kindsnacks.com/products/kind-store/buy-kind-bars/kind-plus/peanut-butter-darkchocolate-protein.html includes the nutrient content claim "antioxidant- rich dark chocolate"; however, the product and its labeling do not meet the requirements for the use of such claim that are set forth in 21 CFR 101.54(g).

The phrase "antioxidant-rich" characterizes the level of antioxidant nutrients in the product and, therefore, this claim is a nutrient content claim under 21 CFR 101.13(b). Nutrient content claims using the term "antioxidant" must comply with the requirements listed in 21 CFR 101.54(g). These requirements state, in part, that for a product to bear such a claim, an RDI must have been established for each of the nutrients that are the subject of the claim [21 CFR 101.54(g)(1)], and these nutrients must have recognized antioxidant activity [21 CFR 101.54(g)(2)]. The level of each nutrient that is the subject of the claim must also be sufficient to qualify for the claim under 21 CFR 101.54(b), (c), or (e) [21 CFR 101.54(g)(3)]. In addition, in order to qualify for a "rich" or "high antioxidant" claim the product must contain 20 percent or more of the RDI for nutrients that have

recognized antioxidant activity, such as vitamin C, vitamin E, or beta carotene (when 10% or more of the RDI for vitamin A is present as beta carotene) in accordance with 21 CFR 101.54(b). Based on the information in the Nutrition Facts label, this product contains 15% of the Daily Value (DV) of vitamin E and 0% of vitamin C and vitamin A. Therefore this product does not qualify for a "rich in" claim and the product is misbranded under section 403(r)(2)(A)(i) of the Act.

2.   Your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants products are misbranded within the meaning of section 403(r)(2)(A)(v) of the Act [21 U.S.C. § 343(r)(2)(A)(v)] because the labels include the nutrient content claim "Good Source of Fiber" without including the required statement disclosing that the food is not low in total fat in immediate proximity to the claim. Under 21 CFR 101.54(d), if a product label makes a claim with respect to the level of dietary fiber (e.g., that the product is a good source of fiber) and the food is not "low" in total fat as defined in 21 CFR 101.62(b)(2), then the label must disclose the level of total fat per serving.

According to the Nutrition Facts panels:

- the Kind Fruit & Nut Almond & Apricot product contains 10 g of total fat per 40 g of the food,

- the Kind Fruit & Nut Almond & Coconut product contains 12 g of total fat per 40 g of the food; the Kind Plus Peanut Butter Dark Chocolate + Protein product contains 13 g of total fat per 40 g of the food, and

- the Kind Fruit & Nut Dark Chocolate Cherry Cashew + Antioxidants contains 9 g of total fat per 40 g of the food.

These amounts exceed the maximum of 3 g of total fat per 40 g RACC in the "low fat" definition. Therefore these products are not "low" in total fat and you are required to disclose this fact on the labels in immediate proximity to the claims that the products are a "good source of fiber."

3.   Your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants products are misbranded within the meaning of section 403(q)(2)(A) of the Act [21 U.S.C. § 343(q)(2)(A)] in that nutrition information is not disclosed in accordance with 21 CFR 101.9. Specifically,

a.   Your labels bear a claim about fatty acids (i.e., "no trans fat") but fail to include the levels of monounsaturated fatty acids and polyunsaturated fatty acids in the nutrition information as

required by 21 CFR 101.9 (c)(2)(iii) and (iv).

b.   Your Kind Plus Peanut Butter Dark Chocolate + Protein product label includes the nutrient content claims: "+ protein" and "plus 7 g protein" on the principal display panel; however, the nutrition label fails to include the percent DV for protein as required when the label bears a nutrient content claim for protein as required by 21 CFR 101.9(c)(7)(i).

4.   Your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants products are misbranded within the meaning of section 403(e)(1) of the Act because the statement of the name and the place of business fails to completely or accurately declare the place of business as required by 21 CFR 101.5(d). Specifically, the statement "Kind, LLC, P.O. Box 705 Midtown Station, NY, NY 10018" which is provided on the label does not include the street address and the street address of your business does not appear in a current city or telephone directory. FDA is unable to determine the physical location of your firm using a city or telephone directory and the address listed on the label.

The above violations are not meant to be an all-inclusive list of violations that may exist in connection with your products or their labeling. It is your responsibility to ensure that your products comply with the Act and its implementing regulations. You should take prompt action to correct the violations. Failure to promptly correct the violations may result in regulatory action without further notice, including seizure and/or injunction.

In addition, we offer the following comments:

• Your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants product labels bear the claim"No Trans Fats," and we note that your ingredient statements do not include a partially hydrogenated oil as an ingredient. Under section 403(r)(1)(A) of the Act, a nutrient content claim in food labeling must be made in accordance with a regulation authorizing the use of the claim in order for the food bearing such claim not to be misbranded. Although FDA has not defined the term "Contains No Trans Fat" by regulation, we announced in the *Federal Register* dated July 11, 2003 (68 FR 41507 at 41509) that we would likely consider exercising enforcement discretion for a trans-fat nutrient content claim that is demonstrably true, balanced, adequately substantiated, and not misleading.

Scientific evidence suggests that trans-fat acts in a similar manner to saturated fat with respect to raising LDL cholesterol. 68 FR 41445 at 41456 (July 11, 2003). Higher total and LDL cholesterol levels are associated with increased risk of developing coronary heart disease. 68 FR 41445 (July 11, 2003). Under 21 CFR 101.13(h), if a food bears a nutrient content claim and also contains

more than 13.0 grams of fat, 4.0 grams of saturated fat, 60 milligrams cholesterol, and 480 milligrams of sodium per reference amount customarily consumed (RACC), per labeled serving (or for a food with a RACC of 30 grams or less or 2 tablespoons or less, per 50 grams), then the food must bear a statement disclosing that the nutrient exceeding the specified level is present in the food as follows: "See nutrition information for _____content" with the blank filled in with the identity of the nutrient exceeding the specified level.

We intend to consider the exercise of our enforcement discretion for the use of the "Contains No Trans Fat" claim on your products provided the claim includes a disclosure statement, in accordance with the requirements in 21 CFR 101.13(h). We will review such claims on a case-by-case basis. We note that your Kind Fruit & Nut Almond & Coconut product contains 5g of saturated fat per 40g but does not contain the disclosure statement "See nutrition information for saturated fatcontent."

- Your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, and Kind Plus Peanut Butter Dark Chocolate + Protein products labels include the statement beginning "Allergen information: Contains…"; however, this allergen statement is not declared correctly. We note that these product labels correctly declare the allergen information in the ingredients lists in accordance with section 403(w)(1)(B)(i) of the Act, so a separate "Contains" statement is not required. However, if a separate "Contains" declaration is used, it must include all of the major allergens in the food and must use the names of the food sources as defined in sections 201(qq) and 403(w)(2) of the Act. The ingredient lists for Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, and Kind Plus Peanut Butter Dark Chocolate + Protein declare soy lecithin as an ingredient; however, soy is not declared in the "Contains" statement. In addition, the term "milk" must be used instead of "dairy" and the generic term "tree nuts" cannot be used in place of the names of the specific tree nuts such as almonds, coconuts, and cashews.

- Your Kind Plus Dark Chocolate Cherry Cashew + Antioxidants product ingredient list does not meet the requirements in 21 CFR 101.4(b), which requires that the name of an ingredient shall be a specific name and not a collective (generic) name. This product lists the collective terms "mixed nuts," "dried fruits," and "vitamins" as multicomponent foods and declares the specific nuts, fruits, and vitamins as sub-ingredients. The regulations do not allow the collective listing of nuts, fruits, or vitamins.

- Your Kind Plus Peanut Butter Dark Chocolate + Protein product ingredient list does not meet the requirements in 21 CFR 101.4(b)(2) because the label declares the standardized multicomponent food, peanut butter, but does not declare the sub-ingredients as required in 21 CFR 101.4(b)(2)(i). In accordance with 101.4(b)(2)(ii), if the ingredients of the standardized food are incorporated in the finished food ingredient list, then the name of the standardized ingredient

must not be listed.

- The required information that appears on the information panels of your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants product labels does not meet the requirements in 21 CFR 101.2(e) because all of the information does not appear in one place without intervening material. The paragraph describing your brand that comes between the ingredient list and the name and place of business is an example of intervening material.

- Your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants ingredient statements declare "non GMO glucose." This is not an appropriate common or usual name for glucose syrup or dried glucose syrup in accordance with 21 CFR 101.4 and 168.120 or 168.121.

- The name and place of business declaration on your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants products does not include the street address as required in 21 CFR 101.5(d). The street address may only be omitted if it is shown in a current city directory or telephone directory. An online 411 search for your firm yielded several different street addresses in New York City; therefore, it is not clear which address is correct and should be considered your place of business.

- Your Kind Fruit & Nut Almond & Apricot, Kind Fruit & Nut Almond & Coconut, Kind Plus Peanut Butter Dark Chocolate + Protein, and Kind Plus Dark Chocolate Cherry Cashew + Antioxidants product labels do not include an appropriate statement of identity as required in 21 CFR 101.3.

Please respond to this letter within 15 working days from receipt with the actions you plan to take in response to this letter, including an explanation of each step being taken to correct the current violations and prevent similar violations. Include any documentation necessary to show that correction has been achieved. If you cannot complete corrective action within 15 working days, state the reason for the delay and the time within which you will complete the corrections.

You should direct your written reply to Carrie Lawlor, Food and Drug Administration, Center for Food Safety and Applied Nutrition, 5100 Paint Branch Parkway, Office of Compliance (HFS-608), Division of Enforcement, College Park, Maryland 20740-3835. If you have any questions regarding this letter, you may contact Ms. Lawlor via email at **carrie.lawlor@fda.hhs.gov (mailto:carrie.lawlor@fda.hhs.gov)**.

Sincerely,

/S/

William A. Correll, Jr.
Director
Center for Food Safety
   and Applied Nutrition

cc: FDA New York District

| **More in Compliance Actions and Activities (/ICECI/EnforcementActions/default.htm)** |
| --- |
| **Warning Letters (/ICECI/EnforcementActions/WarningLetters/default.htm)** |
| **2015 (/ICECI/EnforcementActions/WarningLetters/2015/default.htm)** |
| **2014 (/ICECI/EnforcementActions/WarningLetters/2014/default.htm)** |
| **2013 (/ICECI/EnforcementActions/WarningLetters/2013/default.htm)** |
| **2012 (/ICECI/EnforcementActions/WarningLetters/2012/default.htm)** |
| **2011 (/ICECI/EnforcementActions/WarningLetters/2011/default.htm)** |
| **2010 (/ICECI/EnforcementActions/WarningLetters/2010/default.htm)** |
| **2009 (/ICECI/EnforcementActions/WarningLetters/2009/default.htm)** |
| **2008 (/ICECI/EnforcementActions/WarningLetters/2008/default.htm)** |
| **2007 (/ICECI/EnforcementActions/WarningLetters/2007/default.htm)** |
| **2006 (/ICECI/EnforcementActions/WarningLetters/2006/default.htm)** |
| **2005 (/ICECI/EnforcementActions/WarningLetters/2005/default.htm)** |
| **Tobacco Retailer Warning Letters (/ICECI/EnforcementActions/WarningLetters/Tobacco/default.htm)** |

# EXHIBIT B

## AFFIDAVIT OF DANIEL L. WARSHAW
## PURSUANT TO CALIFORNIA CIVIL CODE § 1780

Daniel L. Warshaw declares:

1.     I am an attorney duly admitted to practice before this Court.  I am a partner in the law firm of Pearson, Simon & Warshaw, LLP, attorneys of record for Plaintiff Brandon Kaufer.

2.     I am one of the attorneys principally responsible for the handling of this matter.  I am personally familiar with the facts set forth in this declaration.  If called as a witness, I could and would competently testify to the matters stated herein.

3.     This action has been commenced in a county described in California Civil Code § 1780 as a proper place for the trial of the action.  The transactions or a substantial portion thereof occurred in Los Angeles County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 17, 2015, at Sherman Oaks, California.


/s/ *Daniel L. Warshaw*
Daniel L. Warshaw

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

863150.1